**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-----------------------------------------X
**TONY MISHIEV,**                                    Docket#

       **Plaintiff,**
                                                     **VERIFIED**
                                                     **COMPLAINT**
  -against-

                                                     **TRIAL BY JURY**
                                                     **DEMANDED**


**APPLE INC.,**



       **Defendant.**
-----------------------------------------X

    Plaintiff, by Michael N. David, his attorney, complaining of the defendant herein, alleges and respectfully shows to this Court, upon information and belief:

### JURISDICTION and PARTIES

    1. That the defendant, APPLE INC., has its headquarters and principal place of business in the State of California.

    2. That the plaintiff is a citizen of the State of New Jersey.

    3. That the amount in controversy between the parties, exclusive of interest and costs, exceeds the sum of $100,000.00.

    4. That this Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332.


### AS AND FOR A FIRST CAUSE OF ACTION

    5. That at all times hereinafter mentioned, the defendant, designed and/or distributed and/or manufactured a

product known as "I Phone 6 Plus", which they sold to the public.

      6. That on or about September 8, 2016, at or about 1:45 p.m., while the plaintiff was lawfully and rightfully using the aforesaid product, the phone started to burn and the plaintiff was caused to sustain an injury to his finger.

      7. That the aforesaid accident occurred solely through the fault, carelessness, recklessness and negligence of the defendant, its agents, servants and/or employees, without any fault or contributory negligence on the part of the plaintiff herein.

      8. The defendant was negligent in the design, distribution, manufacture, ownership, maintenance and control of the aforesaid product.

      9. This action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

      10. That as a result of the negligence of the defendants as aforesaid, the plaintiff, **TONY MISHIEV** was caused to sustain great bodily injuries with accompanying pain, was rendered sick, sore, lame and disabled and some of the injuries may be permanent; suffered loss of enjoyment of life; was and may be prevented from attending his usual vocation; and was and may be compelled to expend monies and incur obligations for medical aid and attention in an endeavor to cure himself of his injuries.

      11. That solely by reason of the above, the plaintiff, has sustained money damages in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

      12. The plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs marked "1 to 10" inclusive, with the same force and effect as if fully set forth herein.

      13. That the defendants were negligent in the manufacture, design, testing, maintenance and distribution of the aforesaid product.

      14. That solely by reason of the above, the plaintiff, has sustained money damages in a sum which

exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION

15. The plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs marked "1 to 13" inclusive, with the same force and effect as if fully set forth herein.

16. That on or about September 8, 2016, the aforesaid product was being used in a foreseeable manner and for the purpose and in the manner normally intended.

17. That the said occurrence was caused by no fault, want or lack or care on the part of the plaintiff but was caused by reason of the strict liability or breach of implied warranty of the defendant in failing to properly design, test, manufacture and distribute such aforesaid product and for it to be and to remain in a dangerous, broken and defective condition.

18. That by the use and exercise of reasonable care, the user would not have discovered the defect and perceived the danger in the aforesaid product.

19. That solely by reason of the above, the plaintiff, has sustained money damages in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION

20. The plaintiff repeats, re-alleges and reiterates each and every allegation contained in paragraphs marked "1 to 19" inclusive, with the same force and effect as if fully set forth herein.

21. That the defendant represented and warranted that the product was safe and could be used for the purpose and in the manner normally intended.

22. That the aforesaid product was not safe at the time of sale or thereafter; and that the warranties and representations were false, in that the aforesaid product was dangerous and defective.

23. That solely by reason of the above, the plaintiff, has sustained money damages in a sum which

exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE,** the plaintiff, demands judgment against the defendant in an amount to be determined upon trial of this action; together with interest from September 8, 2016, and with the costs and disbursements of the action.

        **Yours etc.,**

        **MICHAEL N. DAVID**
        **Attorney for Plaintiff**
      **44 Wall Street, 12th Floor**
        **New York, NY  10005**
        **(212) 363-1997**